```
IN THE UNITED STATES DISTRICT COURT
 FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
```

```
UNITED STATES OF AMERICA,       )
                                )
          Plaintiff,            )
                                )
     v.                         )    1:24CV290
                                )
$40,500.00 in U.S. CURRENCY,    )
                                )
          Defendant.            )
```

**MEMORANDUM OPINION AND ORDER**

Plaintiff instituted this action by filing a Verified Complaint of Forfeiture against the subject property. (See Docket Entry 1.) Ingrid Jimenez Sanchez filed a claim as to the subject property (see Docket Entry 6) and answered (see Docket Entry 7). By Local Rule, there followed "a 90-day period of discovery from the filing of [that] answer," M.D.N.C. LR 16.1(a), which the Court (per the undersigned Magistrate Judge) extended to March 21, 2025 (see Text Order dated Sept. 23, 2024). The case now comes before the Court on Plaintiff's Motion to Compel (Docket Entry 9), which "requests that the Court enter and [sic] order compelling [C]laimant [] Jimenez Sanchez to respond to all interrogatories and the document request [sic] set forth in [Plaintiff's] First Set of Discovery Requests within 14 days of the date of the order, or face sanctions as provided in [Federal] Rule [of Civil Procedure] 37(b)(2)" (id. at 2 (referring to Docket Entry 9-1)). For the

reasons that follow, the Court will grant in part and will deny in part the instant Motion.

INTRODUCTION

According to the instant Motion – which Plaintiff filed and mailed to Claimant Jimenez Sanchez on September 27, 2024 (see id. at 3) – "[i]n response [to Plaintiff's First Set of Discovery Requests], Claimant [Jimenez Sanchez] submitted undated, unsigned written answers that contain some, but not all, responsive facts and unsupported objections, and produced some, but not all, responsive documents, some of which contain improper redactions." (Id. at 1 (citing Docket Entry 9-2).) The instant Motion further states that, "[a]fter [Plaintiff's] counsel sent a letter to Claimant [Jimenez Sanchez] noting the deficiencies and requesting supplemental disclosures, [she] submitted supplemental written answers, again unsigned." (Id. (citing Docket Entries 9-3, 9-4); see also Docket Entry 9-5 (attaching e-mail exchange between Plaintiff's counsel and Claimant Jimenez Sanchez following her receipt of said letter).) Per the instant Motion, even after that supplementation, "Claimant[ Jimenez Sanchez's] disclosures d[id] not fully respond to [Plaintiff's] requests nor d[id] they meet [her] obligations under the rules." (Id. at 1-2.)

2

Specifically, the supporting memorandum filed with the instant Motion sets out this "non-exhaustive list [of] deficiencies with Claimant[ Jimenez Sanchez's] disclosures" (Docket Entry 10 at 3):

1. Claimant[ Jimenez Sanchez's] written responses are unsigned;

2. Claimant [Jimenez Sanchez] does not disclose any facts responsive to Interrogatories 2 and 8, which seek disclosure of evidence relevant to [her] claim and facts concerning [her] monthly expenses, which are relevant to [her] claim that the [subject property] belongs to her and is not subject to forfeiture;

3. Claimant [Jimenez Sanchez] has not disclosed facts responsive to Interrogatory 11, which seeks disclosure of facts concerning [her] prior possessions, if any, of bulk coin and/or currency, which are relevant to [her] claim that the [subject property] – which was $40,500.00 in bulk currency at the time it was seized – belongs to her and is not subject to forfeiture;

4. Claimant [Jimenez Sanchez] has not produced all wage records, tax records, bank statements and other financial documents, social media records responsive to document requests nos. 6 through 11, and has produced some incomplete records that contain improper redactions; and

5. Claimant [Jimenez Sanchez] has not produced a privilege log although [she] apparently has withheld documents from production.

(Id. at 3-4.)

Claimant Jimenez Sanchez has not responded to the instant Motion. (See Docket Entries dated Sept. 27, 2024, to present.) However, via Notice dated October 30, 2024 (see Docket Entry 11 at 1), Plaintiff "notifie[d] the Court that on or about Tuesday, October 29, 2024, its counsel received a production of documents

that appear to be from [C]laimant [] Jimenez Sanchez" (id.). That Notice advised the Court that "[t]he United States[, after] reviewing the aforementioned discovery materials[, ] w[ould] advise the Court of the impact, if any, th[at] production has on [the instant] Motion." (Id.) The Court (per the undersigned Magistrate Judge) subsequently "requir[ed Plaintiff] to file, on or before 12/09/2024, a status report stating (A) whether, after the review forecast in [the foregoing] Notice, any issue(s) raised in [the instant] Motion [] remain[ed] for resolution by the Court and, if so, (B) what issue(s) remain[ed]." (Text Order dated Nov. 25, 2024.) Plaintiff complied by filing a Status Report "with the current status of each [of the five] deficienc[ies listed in the supporting memorandum]." (Docket Entry 12 at 1.)

As to the first listed deficiency, the Status Report recites that "Claimant[ Jimenez Sanchez's] written responses remain unsigned, and her answers are not made under oath." (Id.) Regarding the second listed deficiency, the Status Report "withdraws [Interrogatory 2] from the grounds for [the instant] Motion" (id. at 2), but maintains that "Claimant [Jimenez Sanchez] has not provided the itemized monthly expenses sought in Interrogatory 8" (id.). The Status Report next (in relation to the third listed deficiency) "withdraws [Interrogatory 11] from the grounds for [the instant] Motion." (Id.) Turning to the fourth listed deficiency, the Status Report states:

4

> Claimant [Jimenez Sanchez] has provided some of the bank statements and social media records. However, [she] has not provided the requested pay stubs, bank statements covering activity from March 24, 2023 – present, or signed tax returns for 2019 – 2023 (or a signed release form).
>
> Claimant [Jimenez Sanchez] provided some social media records, although it is unclear whether they comprise all of the social media records requested by the Government. However, the Government withdraws any deficiency regarding social media records from the grounds for [the instant] Motion.

(Id. at 2-3 (internal footnote omitted); see also id. at 3 n.1 ("Claimant [Jimenez Sanchez] has produced copies of unsigned, redacted income tax returns for someone other than herself, and unsigned, redacted income tax returns ostensibly for herself, for tax years 2019 and 2020. [Plaintiff] has requested copies of tax [sic] all returns for Claimant [Jimenez Sanchez] and any business in which she has an interest for 2019 - 2023, and those returns must be signed and unredacted.").) Lastly, as concerns the fifth listed deficiency, the Status Report reiterates that "Claimant [Jimenez Sanchez] has not provided a privilege log." (Id. at 3.)

## DISCUSSION

Given that background, the Court first observes that, because "no response brief [wa]s filed within the time required by [Local Rule 7.3(f)], the [instant M]otion will be considered and decided as an uncontested motion, [which] ordinarily will be granted without further notice." M.D.N.C. LR 7.3(k); see also M.D.N.C. LR 7.3(f) ("A respondent, if opposing a motion, shall file a response

5

brief, within 21 days after service of the motion . . . ."). Nonetheless, "on its own, the [C]ourt must limit the . . . extent of discovery otherwise allowed by the[ Federal R]ules [of Civil Procedure] or by [L]ocal [R]ule if it determines that . . . the proposed discovery is outside the scope permitted by [Federal] Rule [of Civil Procedure] 26(b)(1)."  Fed. R. Civ. P. 26(b)(2)(C); see also Fed. R. Civ. P. 26(b)(1) ("[T]he scope of discovery is as follows:  Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case . . . ."). Moreover, as noted above, the instant Motion requested compelled production for "all interrogatories and the document request [sic] set forth in [Plaintiff's] First Set of Discovery Requests" (Docket Entry 9 at 2 (emphasis added)), but (in support of that blanket request) Plaintiff only specified deficiencies regarding Claimant Jimenez Sanchez's responses to three interrogatories and six document requests (only some of which Plaintiff still wants the Court to address), along with the failure of Claimant Jimenez Sanchez to sign her interrogatory and document production responses and to produce a privilege log (see Docket Entry 10 at 3-4; see also Docket Entry 12 at 1-3). Accordingly, the Court will only consider relief as to those specified matters. See Belk, Inc. v. Meyer Corp., U.S., 679 F.3d 146, 152 n.4 (4th Cir. 2012) (deeming issue "waived because [the plaintiff] fail[ed] to develop [an] argument

6

to any extent in its brief"); United States v. Zannino, 895 F.2d 1, 17 (1st Cir. 1990) ("[A] litigant has an obligation to spell out its arguments squarely and distinctly, or else forever hold its peace." (internal quotation marks omitted)).

Starting with the first of the deficiencies with Claimant Jimenez Sanchez's discovery responses (as specified by Plaintiff), "[e]ach interrogatory must, to the extent it is not objected to, be answered separately and fully in writing under oath," Fed. R. Civ. P. 33(b)(3) (emphasis added), and "[t]he person who makes the answers must sign them," Fed. R. Civ. P. 33(b)(5) (emphasis added). Likewise, "[t]he party to whom [a document] request is directed must respond in writing," Fed. R. Civ. P. 34(b)(2)(A); see also Fed. R. Civ. P. 34(b)(2)(B) (requiring responder to "state with specificity the grounds for objecting"), and "every [such] discovery [] response[] or objection must be signed . . . by the party personally, if unrepresented," Fed. R. Civ. P. 26(g)(1) (emphasis added). Claimant Jimenez Sanchez did not sign (let alone verify) any of her interrogatory or document request responses. (See Docket Entries 9-2, 9-4, 9-5; see also Docket Entry 9-1 at 1 (advising Claimant Jimenez Sanchez that her "responses to [Plaintiff's discovery] requests must conform to the requirements of Federal Rules of Civil Procedure 26, 33, 34, and 36"); Docket Entry 9-3 at 1 (informing Claimant Jimenez Sanchez, in letter dated September 5, 2024, that her "responses and document production

7

[we]re deficient" because, inter alia, her "answers and responses [we]re unsigned"), 2 ("Please provide me with your signed, complete answers to each of the 21 interrogatories and copies of all documents requested . . . by Friday, September 20, 2024.").) As a result, the Court will direct Claimant Jimenez Sanchez to serve a signed, verified[1] version of all her interrogatory responses and a signed version of all her document request responses.

Next, Interrogatory 8 (the lone interrogatory remaining at issue) asks Claimant Jimenez Sanchez to:

> Itemize the amounts [she] spent on a monthly basis since January 1, 2022, for the following: food, clothing, shelter, utilities, entertainment, insurance, attorney fees, medical and dental services, furniture, jewelry, vacations, travel, transportation, gifts, education, business, alimony, child support, improvements or fixtures to any real or personal property owned by [her], and all other expenditures of any type.

(Docket Entry 9-1 at 9.) Claimant Jimenez Sanchez initially gave no answer to Interrogatory 8, but instead:

> [She] object[ed] to th[at] interrogatory because it asks for a compilation, summary, or analysis of documents or information. Creating such a compilation or summary would require undue effort and is beyond the scope of standard discovery requests. [She] would need an extensive amount of time to compile a list of every purchase performed since January 2022.

(Docket Entry 9-2 at 9; see also Docket Entry 9-3 at 1 (highlighting failure of Claimant Jimenez Sanchez to "provide[] the

---

1 In lieu of proof that she answered the interrogatories under oath (such as a notarization), Claimant Jimenez Sanchez may execute a declaration under penalty of perjury. See 28 U.S.C. § 1746.

facts responsive to . . . Interrogatory 8" in deficiency letter dated September 5, 2024); Docket Entry 9-5 at 2 ("In Interrogatory 8, you are seeking an expansive list of amounts for purchases made in the last 36 months. This is an irrational request as I do not have the time or resources to compile that information. I would be willing to provide several monthly statements for your pleasure and allow you to conform the basis to what I contend the past 36 months of expenditures would look like for me.").) Claimant Jimenez Sanchez's supplemental answer adds:

> I've spent tens of thousands of dollars on food, clothing, shelter, utilities, entertainment, insurance, furniture, travel, transportation, and personal property over the last years. Nonetheless, I did receive assistance from my grandmother, mostly with shelter, which through the years allowed me to save considerable amounts of money. I have attached bank statements from my bank that will allow you to review my purchases from those time periods, for whatever you think might be relevant.

(Docket Entry 9-4 at 1.)

The preceding record material establishes that Claimant Jimenez Sanchez has not answered Interrogatory 8 "fully," Fed. R. Civ. P. 33(b)(3).[2] Furthermore, that record material confirms that she has not complied with the mandate that "[t]he grounds for objecting to an interrogatory must be stated with specificity,"

---

2 The "attach[ment of] bank statements . . . [to] allow [Plaintiff] to review [Claimant Jimenez Sanchez's] purchases from those time periods, for <u>whatever [Plaintiff] think[s] might be relevant</u>" (Docket Entry 9-4 at 1 (emphasis added)) does not satisfy the conditions for reliance on business records in lieu of an interrogatory response, <u>see</u> Fed. R. Civ. P. 33(d).

9

Fed. R. Civ. P. 33(b)(4); rather, she has lodged insufficient, conclusory objections of burdensomeness, see, e.g., Marens v. Carrabba's Italian Grill, Inc., 196 F.R.D. 35, 38 (D. Md. 2000) ("[C]onclusory assertions of burden or cost are insufficient . . . ."). Nor, given the significance of Claimant Jimenez Sanchez's financial circumstances to the core issue in this case (i.e., whether the subject property constitutes her untainted funds (see Docket Entry 7 at 1-2)), does the Court view Interrogatory 8 as exceeding the limits of "relevan[ce] to any party's claim or defense and proportional[ity] to the needs of the case," Fed. R. Civ. P. 26(b)(1). The Court therefore will require Claimant Jimenez Sanchez to serve a supplemental (full) response to Interrogatory 8 (which she must sign and must verify).

As to document requests, Plaintiff's supporting memorandum specifies Claimant Jimenez Sanchez's (A) failure to "produce[] all wage records, tax returns, bank statements and other financial documents, social media records responsive to document requests nos. 6 through 11" (Docket Entry 10 at 4), and (B) "produc[tion of] some incomplete records that contain improper redactions" (id.). The Status Report, in turn, narrows the list of disputed items to three categories: "pay stubs, bank statements covering activity from March 24, 2023 - present, [and] signed tax returns for 2019 - 2023 (or a signed release form)." (Docket Entry 12 at 2-3; see

10

also id. at 3 ("withdraw[ing] any deficiency regarding social media records from the grounds for [the instant] Motion").)

Beginning with the first category of "pay stubs" (id. at 2), Document Request 6 asks for "[w]age and earning statements or 'pay stubs' for [Claimant Jimenez Sanchez] from each and every employer of [hers] from January 1, 2019, to present." (Docket Entry 9-1 at 16.) Claimant Jimenez Sanchez's initial response to Document Request 6 states that, "[a]side from W2s and federal tax documents, [she] cannot provide this information within the allotted time." (Docket Entry 9-2 at 16.) After Plaintiff's counsel sent Claimant Jimenez Sanchez a letter (dated September 5, 2024) complaining that she "ha[d] not produced documents responsive to . . . Document Request 6" (Docket Entry 9-3 at 1), Claimant Jimenez Sanchez e-mailed this conflicting reply "[r]egarding Document Request 6" (Docket Entry 9-5 at 2): "I can and am willing to submit pay stubs . . . . I do not keep pay stubs . . . ." (Id.)[3] She also served this supplemental response to Document Request 6: "I have moved several times since 2019. I do not keep my pay stubs from years ago. I have provided you with bank statements from several years that will show deposits into my account from my employers throughout the years." (Docket Entry 9-4 at 3.)

---

3 Claimant Jimenez Sanchez did not assert in that e-mail that, instead of producing pay stubs, she had produced other forms of "[w]age and earning statements" (Docket Entry 9-1 at 16), such as her "W2s" (Docket Entry 9-2 at 16). (See Docket Entry 9-5 at 2-3.)

11

Read together, these statements by Claimant Jimenez Sanchez establish that she can produce at least some pay stubs (i.e., those from the more recent part of the period covered by Document Request 6). Additionally, because of the importance of a full understanding of Claimant Jimenez Sanchez's financial situation to the key question of whether the subject property represents her legitimate savings (see Docket Entry 7 at 1-2), the Court deems such pay stubs "relevant to any party's claim or defense and proportional to the needs of the case," Fed. R. Civ. P. 26(b)(1). Under these circumstances, the Court will order Claimant Jimenez Sanchez to serve a supplemental response to Document Request 6 consisting of her pay stubs from January 1, 2023, to the present.

The second category of still-disputed document production involves "bank statements covering activity from March 24, 2023 - present" (Docket Entry 12 at 2-3), demanded via Document Requests 7 and 8 (see Docket Entry 9-1 at 16 (including, within Document Request 7, "checking account statements dated or referring to transactions occurring from January 1, 2019, to present, from each and every account of [Claimant Jimenez Sanchez], and/or any business in which [she] ha[s] or ha[s] had an interest," and, within Document Request 8, "statements of account for [Claimant Jimenez Sanchez's] Financial Accounts from January 1, 2019, to present"); see also id. at 3 (defining "Financial Account" to "include any account through which money is borrowed on credit,

12

deposited, withdrawn, transferred, or used to make payment," such as "any savings account[ or] checking account")). In identical fashion to her response to Document Request 6, Claimant Jimenez Sanchez responded to Document Requests 7 and 8 by declaring that she "cannot provide this information within the allotted time." (Docket Entry 9-2 at 16.) When confronted by letter from Plaintiff's counsel in September 2024 about her failure to "produce[] documents responsive to . . . Document Request 7[ and] Document Request 8" (Docket Entry 9-3 at 1-2; see also id. at 2 n.1 (noting that Claimant Jimenez Sanchez "produced copies of three statements for a Wells Fargo savings account" spanning roughly five months before 2019)), Claimant Jimenez Sanchez (A) replied by e-mail that she "can and [is] willing to submit . . . statements for as far back as [her] bank will allow" (Docket Entry 9-5 at 2 (emphasis added)), and supplemented her response to Document Request 8 by stating that she "ha[d] attached . . . statements from [her] bank accounts" (Docket Entry 9-4 at 3).

The record thus lacks any basis to excuse Claimant Jimenez Sanchez's failure to produce her most recent "bank statements covering activity from March 24, 2023 - present" (Docket Entry 12 at 2-3), which (for reasons previously articulated) the Court views as "relevant to any party's claim or defense and proportional to the needs of the case," Fed. R. Civ. P. 26(b)(1). As such, the Court will enter an order mandating that supplemental production.

13

In contrast to the two prior categories of pay stubs and bank statements, the third (and final) category of document production as to which any dispute remains, i.e., "signed tax returns for 2019 - 2023 (or a signed release form)" (Docket Entry 12 at 3), presents some procedural problems for Plaintiff. To start, the supporting memorandum for the instant Motion lumps "tax records" (Docket Entry 10 at 4) into a list with "wage records, . . . bank statements and other financial documents, [and] social media records" (id.), followed by a reference to "document requests nos. 6 through 11" (id.). Although those six document requests do encompass demands for "wage records, . . . bank statements and other financial documents, [and] social media records" (id.), they do not include a solicitation for "tax records" (id.). (See Docket Entry 9-1 at 16-17.) To the contrary, Document Request 4 solicits "[f]ederal, state, local, and foreign tax returns . . . for [Claimant Jimenez Sanchez] and for each and every business . . . in which [she] ha[s] or had an interest at any time during 2019, 2020, 2021, 2022, and 2023." (Id. at 15; see also id. (seeking, via Document Request 5, "[e]xecuted copies of the attached Internal Revenue Service Form 8821, . . . authorizing the Internal Revenue Service to release copies of tax returns and tax return information").)

And, even more importantly, the discovery deficiency letter Plaintiff's counsel sent Claimant Jimenez Sanchez on September 5, 2024, neither (A) mentions any problem with her response to

14

Document Request 4 (while expressly complaining about her response(s) to Document Requests 6 through 11) (see Docket Entry 9-3 at 1-2), nor (B) demands any production of tax records (while expressly complaining about her failure to "sign[] the income tax return release form" (id. at 2)) (see id. at 1-2). "[A] motion [to compel] must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." Fed. R. Civ. P. 37(a)(1). In parallel fashion, the Local Rules provide that "[t]he Court will not consider motions . . . relating to discovery unless moving counsel files a certificate that after personal consultation and diligent attempts to resolve differences the parties are unable to reach an accord." M.D.N.C. LR 37.1(a). The certification of compliance with those rule provisions accompanying the instant Motion relies on the fact that, "[o]n September 5, 2024, [Plaintiff's counsel] mailed a letter to Claimant [Jimenez Sanchez] outlining the insufficiencies of [her] disclosures, and asking [her to] provide signed, complete answers and all responsive documents by September 20, 2024." (Docket Entry 9 at 3.) But – as documented above – that letter did not apprise Claimant Jimenez Sanchez of any issue regarding her response to Document Request 4 and did not make an explicit demand for "tax records" (Docket Entry

15

10 at 4) and/or "signed tax returns for 2019 - 2023" (Docket Entry 12 at 3). (See Docket Entry 9-3 at 1-2.)

That gap in consultation with Claimant Jimenez Sanchez carries particular significance because – in her e-mail to Plaintiff's counsel dated September 10, 2024, responding to his letter dated September 5, 2024 – Claimant Jimenez Sanchez explained (in connection with the request for her to sign "the income tax release" (Docket Entry 9-5 at 2)) both that she "ha[d] provided . . . [her] tax returns for the years that [she] contend[ed] may be relevant to this litigation" (id.) and that she "d[id] not believe the Court . . . will find relevance in [additional] records" (id.). Yet, when Plaintiff's counsel replied to that e-mail, he did not address those points. (See id. at 1 (countering Claimant Jimenez Sanchez's comments about Interrogatory 11, but otherwise just maintaining that her "discovery responses [we]re insufficient as stated in [the] September 5th letter").) With that context, including the absence of any engagement by Plaintiff's counsel with Claimant Jimenez Sanchez about Document Request 4 or tax records, the Court does not view his certification that, on Tuesday, "September 24, 2024, [he] sent [her] an email asking for times [she wa]s available for a conference through the remainder of the work week" (Docket Entry 9 at 3) as adequate (A) "good faith conferr[al] or attempted [] confer[ral] . . . in an effort to obtain [tax records] without court action," Fed. R. Civ. P. 37(a)(1), and/or

16

(B) "personal consultation and diligent attempts to resolve differences [about tax records]," M.D.N.C. LR 37.1(a), before Plaintiff filed the instant Motion shortly after Noon on Friday, September 27, 2024 (see Notice of Elec. Filing, Docket Entry 9).

For that reason, the "[t]he Court will not consider [the portion of the instant M]otion . . . relating to discovery [of tax records]," M.D.N.C. LR 37.1(a).[4] That determination leaves only Plaintiff's request for relief because "Claimant [Jimenez Sanchez] has not produced a privilege log although [she] apparently has withheld documents from production." (Docket Entry 10 at 4.)

By way of background, Plaintiff's First Set of Discovery Requests asked that, "if [Claimant Jimenez Sanchez] claim[ed] privilege or work-product protection as to any information or document, [she] please provide the following: (a) the nature of the privilege asserted; and (b) a description of the nature of the documents, communications, tangible things, or information not produced or disclosed." (Docket Entry 9-1 at 1.) Claimant Jimenez

---

4 To the extent Plaintiff's counsel adequately conferred with Claimant Jimenez Sanchez about signing "the income tax release" (Docket Entry 9-5 at 2), the Court nevertheless declines to compel her to provide a signed release because, on its face, "[Federal] Rule [of Civil Procedure] 34 only requires a party to produce documents that exist at the time of the request; a party cannot be compelled to create a document for its production," Atkins v. AT&T Mobility Servs., LLC, No. 2:18CV599, 2019 WL 8017851, at *6 (S.D.W. Va. Apr. 25, 2019) (unpublished); see also, e.g., Johnson v. Kraft Foods N. Am., Inc., 236 F.R.D. 535, 540 (D. Kan. 2006) ("[T]he [c]ourt finds no basis within Fed[eral] R[ule of] Civ[il] P[rocedure] 34 to compel a party signature.").

Sanchez objected to one document request in a manner suggestive of invocation of some sort of privilege. (See Docket Entry 9-2 at 17 (objecting to Document Request 11 "because it requests confidential and/or proprietary information").) Thereafter, by letter dated September 5, 2024, Plaintiff's counsel notified Claimant Jimenez Sanchez that "[she] ha[d] not provided [Plaintiff] with a privilege log for documents that [she] ha[d] not produced." (Docket Entry 9-3 at 2.) Via e-mail dated September 10, 2024, Claimant Jimenez Sanchez replied that "[she] will provide a privilege log." (Docket Entry 9-5 at 2.) However, according to both the supporting memorandum for the instant Motion (to which Plaintiff did not respond) and the subsequent Status Report, "Claimant [Jimenez Sanchez] has not provided a privilege log." (Docket Entry 12 at 3; accord Docket Entry 10 at 4.)

Because "a party [who] withholds information otherwise discoverable by claiming that the information is privileged," Fed. R. Civ. P. 26(b)(5)(A), "must: (i) expressly make the claim; and (ii) describe the nature of the documents . . . not produced . . . in a manner that, without revealing information itself privileged . . ., will enable other parties to assess the claim," id., the Court will require Claimant Jimenez Sanchez to serve Plaintiff with a privilege log, see Sky Angel U.S., LLC v. Discovery Commc'ns, LLC, 28 F. Supp. 3d 465, 483 (D. Md. 2014) (observing that "[a] party can sustain [its] burden [under Federal Rule of Civil

18

Procedure 26(b)(5)(A)] through a properly prepared privilege log"), aff'd, 885 F.3d 271 (4th Cir. 2018).

CONCLUSION

The Court will construe the instant Motion to encompass only the discovery deficiencies specified in the supporting brief (as further narrowed by the Status Report). Within those confines, the Court will grant in part and will deny in part the instant Motion, because Claimant Jimenez Sanchez failed (A) to sign and to verify her interrogatory responses and to sign her document request responses, (B) to properly respond to Interrogatory 8, as well as Document Requests 6, 7, and 8, and (C) to serve a privilege log, but Plaintiff did not adequately confer with Claimant Jimenez Sanchez about tax records before filing the instant Motion.[5]

---

5 Based on this disposition, "the [C]ourt . . . may, after giving an opportunity to be heard, apportion the reasonable expenses for the [instant M]otion." Fed. R. Civ. P. 37(a)(5)(C) (emphasis added). Given that Claimant Jimenez Sanchez did not respond to the instant Motion (see Docket Entries dated Sept. 27, 2024, to present) and Plaintiff did not request expense-shifting (see Docket Entries 9, 10), the Court exercises its discretion to decline to apportion expenses associated with the instant Motion, see generally Harrison v. Carrington Mortg. Servs., LLC, No. 3:16CV14, 2017 WL 1612135, at *1 (W.D. Va. Apr. 28, 2017) (unpublished) (recognizing that, when "[Federal] Rule [of Civil Procedure] 37(a)(5)(C) applies, [] it is within the court's discretion whether to apportion expenses"). The Court, however, cautions Claimant Jimenez Sanchez that, "[i]f [she] . . . fails to obey [this] order . . ., the [C]ourt . . . may issue further just orders," Fed. R. Civ. P. 37(b)(2)(A), which may include dispositive sanctions, see id. (listing, among examples of authorized orders, "prohibiting the disobedient party from supporting or opposing designated claims or defenses" and "striking pleadings in whole").

**IT IS THEREFORE ORDERED** that the instant Motion (Docket Entry 9) is **GRANTED IN PART and DENIED IN PART**, in that, on or before January 21, 2025, Claimant Jimenez Sanchez shall serve Plaintiff with the following:

1) a signed and verified version of all her interrogatory responses;

2) a signed version of all her document request responses;

3) a supplemental (full) response to Interrogatory 8 (which she must sign and must verify);

4) her pay stubs from January 1, 2023, to the present;

5) her bank statements for the period from March 24, 2023, to the present; and

6) a privilege log.

                                            /s/ L. Patrick Auld
                                            **L. Patrick Auld**
                                **United States Magistrate Judge**

December 19, 2024

20

Case 1:24-cv-00290-UA-LPA   Document 13   Filed 12/19/24   Page 20 of 20